IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND<br>1361 Ridge Ave.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' DISTRICT COUNCIL HEAVY AND HIGHWAY HEALTH AND WELFARE FUND<br>665 North Broad St., 2nd Fl.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND<br>665 North Broad St., 2nd Fl.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND<br>1361 Ridge Ave.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' DISTRICT COUNCIL PREPAID LEGAL PLAN<br>661 North Broad St.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA AND VICINITY LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, RYAN BOYER AS TRUSTEE AD LITEM<br>665 North Broad St.<br>Philadelphia, PA  19123<br>          and<br>THE LABORERS' – EMPLOYERS' COOPERATION AND EDUCATION TRUST<br>1500 Walnut St., Ste. 1304<br>Philadelphia, PA  19103<br>          and | CIVIL ACTION NO. |

LABORERS' DISTRICT COUNCIL LOCAL      :
REGIONAL, AND STATE HEALTH AND        :
SAFETY BENEFIT FUND                   :
1500 Walnut St., Ste. 1304            :
Philadelphia, PA 19103                :
    and           :
CONTRACTORS' ASSOCIATION OF           :
EASTERN PENNSYLVANIA                  :
1500 WALNUT STREET #1105              :
Philadelphia, PA  19102               :
    and           :
GENERAL BUILDING CONTRACTORS          :
ASSOCIATION                           :
36 S. 18th St.                        :
Philadelphia, PA  19102               :
     **Plaintiffs** :
                                 :
  vs.                       :
                                 :
GROUND PENETRATION AND                :
RESTORATION, INC.                     :
8405 Hegerman Street                  :
Philadelphia, PA  19136               :
     **Defendant** :
                                 :

## COMPLAINT

### I.  Jurisdiction and Venue

1.   This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C § 1367.

2.   A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury of the United States by Certified Mail.

3.   This Court is one of proper venue pursuant to 29 U.S.C. §§ 185(a) or 1132(e).

## II.  Parties

4.    Plaintiff, the Laborers' District Council Construction Industry Pension Fund (hereinafter referred to as "Pension Fund") is a trust fund established and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing pension retirement benefits to eligible participants.  The Pension Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(D)(1).

5.    Plaintiff, Laborers' District Council Heavy and Highway Health and Welfare Fund (hereinafter referred to as "Heavy & Highway Health and Welfare Fund"), is a trust fund established and maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants.  The Health and Welfare Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(D)(1).

6.    Plaintiff, Laborers' District Council Building and Construction Health and Welfare Fund (hereinafter referred to as "Building & Construction Health and Welfare Fund"), is a trust fund established and maintained pursuant to §302(c)(5) of the LMRA,

29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants.  The Health and Welfare Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(D)(1).

7.    The Laborers' District Council Education and Training Fund (hereinafter referred to as "Training Fund"), is a trust fund established and maintained pursuant to §302(c)(5), of LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §1132(d)(1).

8.    The Laborers' District Council Prepaid Legal Fund (hereinafter referred to as "Legal Fund"), is a trust fund established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing prepaid legal benefits to eligible participants.  The Legal Fund qualifies to commence this action under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

9.    Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and vicinity, Laborers' International Union of North America (hereinafter referred to as the "Union"), is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

Ryan Boyer is Business Manager of the Union and is duly authorized to serve as Trustee Ad Litem for the purpose of these proceedings.

10. Plaintiff, Laborers' - Employers' Cooperation and Education Trust (hereinafter referred to as "LECET"), is a trust fund established and maintained pursuant to §§302(c)(5) of LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §1132(d)(1).

11. Plaintiff Laborers' District Council Local, Regional and State Health and Safety Benefit Fund (hereinafter referred to as "Health and Safety Fund"), is a trust fund established and maintained pursuant to §302(c)(5) of LMRA, 29 U.S.C. §186(c)(5) and is an employee benefit plan established and maintained pursuant to §§3(1) and (3) of ERISA, 29 U.S.C. §§1002(1) and (3), which is maintained for the purpose of providing health and other welfare benefits to eligible participants. As such, the Health and Safety Fund is qualified to commence this action pursuant to §§502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

12. Plaintiff, General Building Contractors Association (GBCA) is a non-profit corporation representing employers in the commercial and institutional construction industry for the purpose of collective bargaining.

13. Plaintiff, Contractors Association of Eastern Pennsylvania (CAEP) is a non-profit corporation representing

employers in the commercial and institutional construction industry for the purpose of collective bargaining.

14. Defendant, Ground Penetration and Restoration, Inc. (hereinafter referred to as "Ground Penetration", "Employer" or "Defendant") is an employer in affecting commence within the meaning of §§3(5), (11), and (12) of ERISA, 29 U.S.C. §§1002(5), (11) and (12) and Sections (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §152(2) (6) and (7) (hereinafter referred to as the "N.L.R.A.").

15. Defendant, Ground Penetration, is a corporation authorized to conduct business in the Commonwealth of Pennsylvania. Defendant maintains a place of business at 8405 Hegerman Street, Philadelphia, PA 19136.

## III. Statement of the Claim

16. At all times relevant hereto, Defendant, Ground Penetration, and Plaintiff, Union have been parties to a Collective Bargaining Agreement.

17. The Defendant, Ground Penetration, also signed and/or agreed to abide by the terms of the agreements and declarations of trust of the Plaintiff Funds, as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

18.   The Collective Bargaining Agreement contains provisions whereby Defendant, Ground Penetration, was required to deduct designated amounts for Union working dues and PAC and make designated contributions to the Laborers' District Council Pension Fund, Health and Welfare Fund, Education and Training Fund, Prepaid Legal Fund and Health and Safety Benefit Fund on behalf of all employees covered by the Collective Bargaining Agreement and was required to pay such amounts to the Union and Funds.

19.   Under the Labor Contract or Trust Agreements, Defendant, Ground Penetration, agreed:

     a.   to make full and timely payments on a monthly basis to the Funds, Union and Industry Advancement Program as required by the Labor contracts;

     b.   to file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

     c.   to produce upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and Union; and

     d.   to pay liquidated damages and all costs of litigation, including attorney's fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in subparagraphs (a), (b), and (c) above; and

e.   to make payment of interest at the prime lending rate plus two percent on all contributions paid to the Funds after the date upon which they were due.

20.   Notwithstanding its obligation to do so, Defendant, Ground Penetration, has failed and refused to make payments of benefit fund contributions and working dues as required by the collective bargaining agreement.

21.   Under the terms of the Collective Bargaining Agreement, Defendant, Ground Penetration, is contractually obligated to pay interest, audit fees, counsel fees and liquidated damages.

22.   Defendant, Ground Penetration, has failed to remit benefit fund contributions corresponding to work performed between October 1, 2017 to November 30, 2018 in the amount of $101,021.84 and an audit fee of $1,800 for a total of $102,821.84. See Exhibit "A".

23.   All delinquent contributions and interest payments herein have remained unpaid for more than thirty (30) days beyond the date on which they were due pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements.

24.   This action is brought by the fiduciaries of the above Funds pursuant to §502(g)(2), 29 U.S.C. §1132(g)(2) to enforce §515 of ERISA, 29 U.S.C. §1145, pursuant to which the Court is directed to award all unpaid contributions, interest and liquidated damages up to or exceeding twenty percent, reasonable

attorney's fees, court costs and any other fees or relief which the Court deems appropriate.

25. Under the terms of the Collective Bargaining Agreement, Defendant, Ground Penetration, is contractually obligated to pay interest, counsel fees and liquidated damages.

26. Defendant owes interest on untimely paid contributions in the amount of $653.29. See Exhibit "B".

27. On April 19, 2016, Plaintiffs obtained a judgment in their favor and against the Defendant.

28. By Order dated October 6, 2016, the April 19, 2016 judgment was amended.

29. On March 15, 2018, Plaintiffs and Defendant, Ground Penetration, entered into an agreement for Ground Penetration to satisfy outstanding balance of $24,950.00 of the October 6, 2016 judgment by July 15, 2018 in exchange for Plaintiffs' forbearance from execution. See Exhibit "C".

30. Defendant, Ground Penetration breached its agreement to satisfy in full judgment entered October 6, 2016 and owes $4,950.00 plus interest under that agreement.

### COUNT I – Breach of Contract – Unpaid Contributions

### Plaintiffs v. Defendant

31. The allegations contained in paragraphs 1 through 30 are incorporated herein by reference as fully as though set forth at length.

32.   Defendant owes the Funds and Union the contributions for all unpaid contributions, for work performed October 1, 2017 to November 30, 2018 in the amount of $101,021.84 and an audit fee of $1,800 for a total of $102,821.84 and interest for untimely paid contributions of $653.29 for a total of $103,474.53.

33.   Defendant has not made payments to the Funds and Union as required by the Labor Contract and/or Trust Agreements and as such, are in violation of §301 of the LMRA, 29 U.S.C. §185(a).

**WHEREFORE,** Plaintiffs ask that the Court:

1.   Enter judgment in favor of the plaintiffs, and against the Defendant for all unpaid contributions, interest to be calculated in accordance with applicable law, and liquidated damages as demanded in the amount of at least $103,474.53 plus any additional amounts which are found to be due and owing during the pendency of this litigation, interest audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Labor Contract and/or Trust Agreements.

2.   Grant such other or further relief, legal and equitable as may be just, necessary or appropriate.

### COUNT II - ERISA - Unpaid Contributions

### Fund Plaintiffs v. Defendant

34.   The allegations contained in paragraphs 1 through 34 above are incorporated herein by reference as fully as though set forth at length.

35.   Defendant has failed to make payment of contributions in violation of 29 U.S.C. §1145.

36.   The Funds have been damaged by Defendant's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

1.   Enter judgment against the Defendant and in favor of the Funds for all unpaid contributions in the amount of at least $103,474.53, plus any additional amounts which are found to be owing during the pendency of this litigation, interest and costs and attorneys' fees incurred in this action or in the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements or any amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed in 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

2.   Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

### COUNT III - Audit/Accounting

### Plaintiffs v. Defendant

38.   The allegations of paragraphs 1 through 37 are incorporated herein by reference as if fully restated.

39.   The amount of contributions Defendant is required to pay to the Funds and Union is based upon hours worked and wages paid to the employees performing work covered by the Labor Contract.

40.   The plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant, Ground Penetration's delinquency for the period December 1, 2018, through and including the present, since the

books, records and information necessary to determine such liability are in the exclusive possession, custody, control and knowledge of the Defendant.

41. Plaintiffs do not have sufficient information at the present time to calculate the amount of any deficiency from December 1, 2018, through the present.

42. Defendant is required by the Labor Contract, Trust Agreements and/or applicable law to permit the Funds to audit its records and to cooperate with the Funds in determining the amount of contributions due.

43. Plaintiffs have no adequate remedy at law for the calculation of damages suffered from December 1, 2018, through and including the present as a result of Defendant's breach of its obligations and therefore require an audit.

44. Accordingly, in addition to seeking an audit to determine contributions owed the Funds, plaintiffs seek access to payroll withholding records from December 1, 2018, through the present to determine the amount of benefit fund contributions owed.

45. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Funds and Union plaintiffs ask that the Court:

(1) Enjoin the Defendant, Ground Penetration, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records from December 1, 2018, through

the present under the actual or constructive control of the Defendant; and in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2) Grant such other and further relief, legal or equitable as may be just, necessary or appropriate.

### COUNT IV – Contributions Under Contract After Audit

### <u>All Plaintiffs v. Defendant</u>

46. The allegations of paragraphs 1 through 45 are incorporated by reference as if fully restated.

47. Defendant has failed to make contributions to the Funds and Union as required by the Labor Contract or Trust Agreements.

48. Plaintiffs have been damaged by the failure of Defendant to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Defendant and in favor of the plaintiffs individually for the amount of contributions found due and owing by an audit, together with liquidated damages, interest and costs, including reasonable audit fees and attorney's fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements; and

(2) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT V - Contributions Under ERISA, After Audit
#### Fund Plaintiffs v. Defendant

49. The allegations of paragraphs 1 through 48 are incorporated by reference as if fully restated.

50. On information and belief, Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. §1145.

51. The plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency for the period July 1, 2018, through the present, since the books, records and information necessary to determine this liability are within the possession, control and knowledge of the Defendant.

52. On information and belief, the plaintiff Funds have been damaged by defendant's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that this Court:

(1) After an audit, enter judgment against the Defendant and in favor of the plaintiff Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed in 26 U.S.C. §6621 from the due date of the payment until the date of the actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the Plan document or statute and reasonable audit fees and attorneys' fees and costs incurred in connection with any proceedings to enforce or collect any judgment; and

(2) Grant such other or further relief, legal
    or equitable, as may be just, necessary
    or appropriate.

## COUNT VI–BREACH OF SETTLEMENT AGREEMENT

### All Plaintiffs vs. Defendant

53. The allegations of paragraphs 1 through 52 are incorporated by reference as if fully restated.

54. On April 19, 2016, Plaintiffs obtained a judgment in their favor and against the Defendant.

55. By Order dated October 6, 2016, the April 19, 2016 judgment was amended.

56. On March 15, 2018, Plaintiffs and Defendant, Ground Penetration, entered into an agreement for Ground Penetration to satisfy outstanding balance of $24,950.00 of the October 6, 2016 judgment by July 15, 2018 in exchange for Plaintiffs' forbearance from execution. See Exhibit "C".

57. Defendant, Ground Penetration breached its agreement to satisfy in full judgment entered October 6, 2016 by July 15, 2018, and owes $4,950.00 plus interest under that agreement.

**WHEREFORE**, Plaintiffs ask that this Court:

(1) Enter judgment against the Defendant and
    in favor of the plaintiff Funds
    individually for $4,950.00 with interest
    at the rate of six per cent from the due
    date; and

   (2)   Grant such other or further relief, legal
         or equitable, as may be just, necessary
         or appropriate.

```
                    /s/ NLG2551
                    NANCY L. GOLDSTEIN
                    I.D. No. 40019
                    HAMBURG & GOLDEN, P.C.
                    1601 Market Street, Suite 3310
                    Philadelphia, PA  19103
                    (215) 255-8594
                    (215) 255-8583 (FAX)
                    goldsteinnl@hamburg-golden.com

                    Attorney for Plaintiffs
```

Date:  May 13, 2019

## CERTIFICATE OF SERVICE

I, Nancy L. Goldstein, Esquire, hereby certifies that a true and correct copy of the foregoing Complaint has been served as required by §502(h) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) on the date listed herein, upon the following:

**VIA CERTIFIED MAIL:**
Secretary of the Treasury
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC  20224
Attn. T:EP

and

**VIA EMAIL:**
Plan Benefits Security Division
ATTN:  Tim Hauser, Division Coordinator
U.S. Department of Labor
200 Constitution Avenue, N.W.
Room N4611
Washington, DC  20010
*hauser.timothy@dol.gov*

By:   /s/ NLG2582
NANCY L. GOLDSTEIN

Date:  May 13, 2019